IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER SESSION, 1999

FILED

December 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, 00364-CCA-R3-CD | ) | C.C.A. NO. E1998- |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | SULLIVAN COUNTY |
| VS. | ) | |
| | ) | HON. R. JERRY BECK |
| RONALD REECE CROSS, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Direct Appeal - Sentencing) |

FOR THE APPELLEE:

TERRY JORDAN
Office of the Public Defender
P. O. Box 839
Blountville, TN 37617

GERALD L. GULLEY, JR.
Contract Appellate Defender
P. O. Box 1708
Knoxville, TN 37901-1708

FOR THE APPELLANT:

PAUL G. SUMMERS
Attorney General & Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

GREELEY WELLS
District Attorney General

JOSEPH EUGENE PERRIN
Assistant District Attorney
Main Street
Springfield, TN 37172

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On July 21, 1998, Ronald Reece Cross (the "defendant") pled guilty to the following charges arising out of a single incident: violating an habitual traffic offender order, evading arrest, driving under the influence of alcohol (eighth offense), running a stop sign, reckless driving, and violation of registration. Following a sentencing hearing on the above charges, the trial court denied alternative sentencing for the defendant, and instead ordered the defendant to serve an effective ten (10) year, eleven (11) month, and twenty-nine (29) day sentence. The issues on appeal are:

(1) whether the trial court erred in denying alternative sentencing to the defendant, and

(2) whether the trial court erred in ordering the defendant to serve consecutive sentences.

Because we find that the trial court sentenced the defendant appropriately, we affirm the judgment of the trial court.

# FACTUAL BACKGROUND

After the defendant pled guilty to the above charges, the trial court held a sentencing hearing. First, the defendant's sister testified that, in her opinion, the defendant had a "good heart," but that he was an alcoholic. She also testified that most of his extensive criminal record was a result of his drinking, and that she would support her brother in any way possible. The state then offered proof, in the form of several certified copies of convictions, that the defendant was a Range III, Persistent Offender for sentencing purposes. The defendant agreed.

The state then offered evidence that the sentence should be enhanced because (1) the defendant had five prior felony convictions,[1] (2) the defendant had a history of unwillingness to comply with the conditions of a sentence involving release in the community, because in this case the defendant was serving a  community corrections sentence when he committed the instant offenses,[2] and (3) the defendant committed a felony while on community release.[3]  The defendant agreed that those enhancing factors applied.  The defendant argued, however, that because he was an alcoholic and had family support, his sentence should be mitigated pursuant to Tenn Code Ann. § 40-35-113(13), the catch-all provision for mitigating factors.  The trial court agreed and considered the defendant's alcoholism as a mitigating factor in sentencing.

The state then argued that the defendant's sentences should be served consecutively, because (1) the defendant had an extensive criminal record,[4] and (2) the defendant was on probation when he committed the offenses in this case.[5]  The defense did not object.

Consequently, the trial court found the defendant was a Range III, Persistent Offender.  The court denied alternative sentencing for the defendant, and instead sentenced the defendant to five (5) years incarceration for violating an habitual traffic offender order, five (5) years for felony evading arrest, and eleven (11) months and twenty-nine (29) days for DUI, eighth offense.  The court ordered those sentences served consecutively.  The court also sentenced the defendant to six (6) months for reckless driving, thirty (30) days for running a stop sign, and thirty (30) days for violating registration.  The latter three (3) sentences were ordered to be served concurrently to the effective ten (10) year, eleven (11) month and twenty-nine (29) day sentence arising out of the first three charges.

---

[1]Tenn. Code Ann. § 40-35-114(1).

[2]Tenn. Code Ann. § 40-35-114(8).

[3]Tenn. Code Ann. § 40-35-114(13)(E).

[4]Tenn. Code Ann. § 40-35-115(2).

[5]Tenn. Code Ann. § 40-35-115(6).

# STANDARD OF REVIEW

When an accused challenges the length, range or manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with the presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative indication in the record that the trial court considered all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). As the state concedes in its brief, the record in this case does not affirmatively indicate full compliance with the statutory principles of sentencing, and the presumption of correctness cannot be applied. Thus, we must review the sentence de novo.

When conducting a de novo review of a sentence, this court must consider the following: (a) the evidence, if any, received at trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating and/or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210.

# ALTERNATIVE SENTENCING

The defendant contends that the trial court erred by sentencing him to incarceration. He claims that the trial court should have sentenced him to serve his sentence in the Community Corrections Program instead. We disagree. The Community Corrections Act allows certain eligible offenders to participate in community-based alternatives to incarceration. Tenn. Code Ann. § 40-36-103. However, a defendant must first be a suitable candidate for alternative

sentencing.  In this case, the defendant was not suitable for alternative sentencing.  Tenn. Code Ann. § 40-35-102(6) provides:

> A defendant who does not fall within the parameters of subdivision (5) and who is an *especially mitigated or standard offender* convicted on a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary.

(Emphasis added).

The defendant was sentenced as a Range III, Persistent Offender.  Thus, he is not presumed to be a favorable candidate for alternative sentencing.

Furthermore, Tenn. Code Ann. § 40-35-103 provides:

> (1) Sentences involving confinement should be based on the following considerations:
> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

In this case, the defendant conceded in his brief that he "meets the statutory presumption that confinement is appropriate."  We agree.  The trial court specifically held that confinement was necessary to protect society from the defendant.[6]  This finding was based on the defendant's extensive record of driving under the influence and violating habitual traffic offender orders.  The trial court could have also found that measures less restrictive than confinement have been tried and failed.  Indeed, the defendant committed the offenses that gave rise to the instant charges while he was serving a Community Corrections sentence.  Thus, alternative sentencing is clearly inappropriate for this defendant.  This issue has no merit.

# CONSECUTIVE SENTENCES

---

[6] At the sentencing hearing, the trial judge stated "I'm afraid you're going to get out and run over somebody if you just keep it up."

The defendant also claims that the trial court erred in ordering him to serve consecutive sentences. The trial court specifically found that the defendant had an extensive criminal record pursuant to Tenn. Code Ann. § 40-35-115(b)(2) and that the defendant was on probation pursuant to Tenn. Code Ann. § 40-35-115(b)(6). The trial court found that the defendant was on probation, for purposes of consecutive sentencing, because the defendant was serving a community corrections sentence when he committed the offenses in this case. Tenn. Code Ann. § 40-35-115(b)(6) provides: "[t]he court may order sentences to run consecutively if the court finds by a preponderance of the evidence that . . . [t]he defendant is sentenced for an offense committed while on probation." Although "consecutive sentencing for persons who commit offenses while on community corrections seems just as appropriate as consecutive sentencing for persons who commit offenses while on probation[,]" State v. Pettus, 986 S.W.2d 540, 544 n.9 (Tenn. 1999), the Supreme Court recently held that "the legislature did not intend a community corrections sentence and a probation sentence to be equivalents for purposes of consecutive sentencing under Tenn. Code Ann. § 40-35-115(b)(6)." Id. at 544. Therefore, in this case the trial court erred when it found that the defendant was on probation at the time he committed the offenses.

The trial court was correct, however, in determining that the defendant had an extensive criminal record. Tenn. Code Ann. § 40-35-115(b)(2) states: "[t]he court may order sentences to run consecutively if the court finds by a preponderance of the evidence that . . . [t]he defendant is an offender whose record of criminal activity is extensive." The trial court specifically found five prior felony convictions for the purposes of determining that the defendant was a persistent offender. Furthermore, the presentence report contains a record of numerous other convictions. The defendant's record was clearly extensive within the meaning of the statute. See Powers v. State 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996)(holding four prior convictions supported trial court's finding the defendant had an extensive criminal record under the

statute); see also State v. Chrisman 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994)(finding four prior felony convictions and numerous traffic convictions supported trial court's finding of an extensive criminal record).

The defendant also contends that the trial court erred by refusing to consider the requirements of State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995). In Wilkerson, the Supreme Court found that, in order to sentence a defendant to consecutive sentences because he was a "dangerous offender" under Tenn. Code Ann. § 40-35-115(b)(4), a trial court must find (1) the sentences were necessary to protect the public from further misconduct by the defendant and (2) the terms of the sentence were reasonably related to the severity of the offenses. Id. at 938. Those considerations, however, are only mandatory when the trial court imposes consecutive sentences on "dangerous offenders." State v. David Keith Lane, No. 03-S-01-98020CC00013 (Tenn. Sept. 27, 1999). In this case, the trial court sentenced the defendant consecutively because he had an extensive criminal record; thus, Wilkerson does not apply. This issue has no merit.

Accordingly, the judgment of the trial court is AFFIRMED.


_____

JERRY L. SMITH, JUDGE


CONCUR:


_____

GARY R. WADE, PRESIDING JUDGE


_____

JAMES CURWOOD WITT, JR., JUDGE